Kenneth Wayne SCOTT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 241–86, 242–86.

Court of Criminal Appeals of Texas,
En Banc.

April 19, 1989.

Jan E. Hemphill, Dallas, for appellant.

Henry Wade, Former Dist. Atty., John Vance, Dist. Atty., Anne B. Wetherholt, Mark Mancarro, Randy Manasco, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Kenneth Wayne Scott was found guilty on two counts of aggravated robbery by a

Dallas County jury. The trial judge sentenced him in each offense to twenty years in the Texas Department of Corrections. From these convictions, Scott appealed alleging the failure of the trial court to apply the law of parties to the facts of the case constituted reversible error. The Fort Worth Court of Appeals agreed and reversed the conviction. *Scott v. State,* 701 S.W.2d 692 (Tex.App.—Fort Worth 1986). This Court granted the State's petition for review.

Appellant was charged in two separate indictments with aggravated robbery by using and exhibiting a deadly weapon. Both charges arose out of the same transaction. The evidence introduced at trial presents the following facts: The victims, Maurice Charles and Carol Rushing, were in the Dunston's restaurant parking lot in Dallas County when three men came down the street. Both victims identified the three as Dennis J. Poledore, Hosea Lee Jackson, and appellant, Kenneth Wayne Scott. They initially passed by without bothering Charles or Rushing, but soon returned. When the trio came back they approached the car and co-defendant Poledore asked Charles about a job. Charles said he did not know where they could find work and told them to go look elsewhere. According to the testimony of Charles, Poledore then rushed up and pulled a gun, shoving it into Charles' stomach. At about the same time, Charles displayed a knife and Poledore told him "put the knife down or I'll pull the trigger." Charles obeyed, placing the knife on the seat between himself and Rushing. Poledore then said, "I want all your money," and began taking the keys and change Charles produced from his pockets.

Co-defendant Jackson went around to the passenger side of the car and confronted Carol Rushing. Jackson reached over her and picked up the knife Charles had laid on the seat and threatened "to cut" Rushing if she did not give up her purse. Rushing gave Jackson her purse and he turned and ran. Poledore then lowered his gun and ran off behind Jackson. The third man, whom was identified as appellant Scott, had been standing beside Poledore. As the others took off running, Scott reached over and took Charles' checkbook out of his front shirt pocket and turned and ran. Charles, the irritated and frustrated victim, pursued them yelling he wanted his checkbook back. Appellant threw the checkbook in the air and kept running. All three were apprehended shortly thereafter.

At the close of the evidence, the court presented a proposed charge. The court's charge properly instructed the jury in the abstract on both a primary actor theory and the law of parties, but the application paragraph of the charge read as follows:

"Therefore, if you believe from the evidence beyond a reasonable doubt that Carol Rushing [Maurice Charles] was the owner of the property, to-wit: a purse [a checkbook], and that the defendant Kenneth Wayne Scott, in Dallas County, Texas, on or about August 19, 1984, while in the course of committing theft from the said Carol Rushing [Maurice Charles], and with intent to deprive the said owner of said property, did then and there by using or exhibiting a deadly weapon, to-wit: a firearm, knowingly or intentionally threaten or place Carol Rushing [Maurice Charles] in fear of imminent bodily injury, you will find the defendant guilty of aggravated robbery.

"If you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

At that time, appellant's attorney objected to the charge. She specifically noted the failure of the trial court properly to apply the law of parties to the facts of the case. *Black v. State,* 723 S.W.2d 674 (Tex.Cr. App.1986); *Govan v. State,* 682 S.W.2d 567 (Tex.Cr.App.1985).

In finding the trial court's charge erroneous, the Court of Appeals relied on *Apodaca v. State,* 589 S.W.2d 696 (Tex.Cr.App. 1979), and *McCuin v. State,* 505 S.W.2d 827 (Tex.Cr.App.1974).

*Johnson v. State,* 739 S.W.2d 299 (Tex. Cr.App.1987), decided after the Court of Appeals' decision in the instant case, is dispositive of the issue. There, in facts

almost identical to those present here, the Court held that reversal was proper where the State's case relied upon the law of parties for conviction and, in light of a proper objection, the trial court failed to apply the law of parties to the facts. As in *Johnson*, supra, we are compelled to agree with the Court of Appeals and find that appellant has suffered "some harm" under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1985).

The grounds for review raised in the State's petition are overruled, and the judgment of the Court of Appeals remanding this cause to the trial court is affirmed.