**Mark Wren BOYER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1446–89.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 16, 1991.

Robert G. Estrada, on appeal only, Wichita Falls, for appellant.

Barry L. Macha, Dist. Atty., John W. Brasher, Asst. Dist. Atty., Wichita Falls, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was convicted by a jury of delivery of amphetamine, less than twenty-eight grams. The trial court, finding two enhancement paragraphs to be true, sentenced the appellant to twenty-five years in prison. The Court of Appeals, in an unpublished opinion, held that there was insufficient evidence to sustain the conviction of delivery, by actual transfer, under the law of parties and entered a judgment of acquittal. *Boyer v. State,* No. 2–88–088–CR (Fort Worth, August 31, 1989). We reverse.

The transfer of the amphetamine occurred in a parked car. James Brumley, an undercover Department of Public Safety Narcotics Investigator, and his informant sat in the front seat. The appellant sat in the back. Appellant ordered the informant to hand Brumley the drugs. After the transfer was made, Brumley tried to give appellant one hundred dollars. Appellant refused the money and told Brumley to give it to the informant. Brumley did, and appellant was later convicted.

The gist of the Court of Appeals' holding is that, since neither Brumley nor the informant could be convicted of an offense, then neither could the appellant. Specifically, the Court of Appeals found that Brumley was acting in his official capacity as a law enforcement officer and participated in the transfer of the drugs solely for the purpose of apprehending appellant. Because of this, the lower court found that Brumley did not become a party to the crime and could not be held criminally responsible. Slip op. at 4, citing *Vela v.*

*State,* 373 S.W.2d 505, 507 (Tex.Cr.App. 1963). The Court of Appeals also found that the informant could not become a party to the crime, and could not be held criminally responsible. When an individual serves as an intermediary and acts as an agent for a law enforcement officer in carrying out his official duties, the intermediary cannot be held criminally responsible for his conduct. Slip op. at 4 citing *Parr v. State,* 606 S.W.2d 928, 929 (Tex.Cr.App. [Panel Op.] 1980). The Court of Appeals is correct to the extent that neither Brumley nor his informant could be held criminally responsible for their actions. However, the Court of Appeals also found that since neither Brumley nor the informant could be held criminally responsible no offense was committed. Finding that no offense was committed between Brumley and the informant, the Court of Appeals reasoned that appellant's conviction could not stand under the law of parties. We disagree.

■ The proper focus is on the *conduct* of the informant, not whether he is criminally responsible.

V.T.C.A. Penal Code, Section 7.03(2), states:

> "In a prosecution in which an actor's criminal responsibility is based on the *conduct* of another, the actor may be convicted on proof of commission of the offense and that he was a party to its commission, and it is no defense:
>
> " * * *
>
> "(2) that the person for whose conduct the actor is criminally responsible has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution." (emphasis added).

Under the law of parties, as long as the conduct of the informant results in the "commission of an offense," and appellant solicited that conduct, then a conviction may be had. The conduct of the informant which resulted in the commission of the offense does not require that he be "criminally responsible" for that offense.

Our holding is supported by the language of the statute itself. For example, Section 7.03(2) states that a person charged under the law of parties may not raise as a defense the fact that the person for whose conduct the actor is criminally responsible has been acquitted of the offense. A person who is acquitted of an offense obviously is not "criminally responsible" for his conduct. The same holds true when the person is immune from prosecution. Since the informant here was acting as an intermediary for Officer Brumley, he was immune from prosecution. *Parr v. State,* supra. Consequently, the Court of Appeals was incorrect when it found that the informant had to be criminally responsible before appellant could be convicted.

■ The Court of Appeals found that the informant "did knowingly or intentionally deliver amphetamine to Officer Brumley by actual transfer...." The informant's conduct resulted in the commission of an offense. Since the delivery was done at the appellant's instruction, his conviction is proper.

Reversed and remanded to the Court of Appeals for consideration of appellant's remaining ground for review.

TEAGUE and MALONEY, JJ., not participating.