IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-156-CR




MANUEL RAMIREZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF McCULLOCH COUNTY, 198TH JUDICIAL

DISTRICT

NO. 3898, HONORABLE V. MURRAY JORDAN, JUDGE


 





PER CURIAM

 A jury found appellant guilty of delivering less than 28 grams of cocaine, a
controlled substance. Tex. Health & Safety Code Ann. § 481.112 (Pamph. 1991). The district
court assessed punishment at imprisonment for twenty-five years.

 William Bloom was a San Angelo police officer assigned to a regional drug
enforcement task force. On March 31, 1990, Bloom was working undercover in Brady with Tim
Taylor, a paid informer. That afternoon, they met appellant, who agreed to obtain a half gram
of cocaine for Bloom. Bloom gave appellant $50, and arrangements were made for Bloom and
Taylor to meet appellant later that day. That meeting took place at appellant's house. While
Bloom waited in the living room, Taylor went into another room with appellant. Appellant gave
Taylor a small plastic bag of cocaine, which Taylor later gave to Bloom.

 The indictment alleged that appellant delivered cocaine to Bloom by actual transfer. 
After both sides rested and before the charge to the jury, appellant moved for an instructed verdict
of acquittal on the ground that the State had proved a constructive transfer rather than an actual
transfer. Conaway v. State, 738 S.W.2d 692 (Tex. Cr. App. 1987). After briefly studying the
case law, the court overruled the motion and added to its charge an instruction on the law of
parties. Tex. Pen. Code Ann. § 7.02 (1974).

 Appellant complains that the court erred by authorizing his conviction as a party
when that theory was not alleged in the indictment. However, it is established that when the facts
warrant, a parties instruction may be given even in the absence of such an allegation in the
charging instrument. Pitts v. State, 569 S.W.2d 898 (Tex. Cr. App. 1978). Nor do we find that
the court erred by amending the charge after appellant had moved for an instructed verdict. The
court may make such changes in the charge as it deems proper until the time it is read to the jury. 
Tex. Code Cr. P. Ann. art. 36.16 (1981).

 Appellant further argues that the parties charge should not have been given, and
that the evidence is insufficient to sustain the conviction, because Taylor was an agent of the State
and could not be convicted for delivery of cocaine to Bloom. The law of parties provides that a
person may be held criminally responsible for an offense committed by the conduct of another. 
Appellant argues that he could not be guilty as a party to the actual delivery of cocaine by Taylor
to Bloom because that delivery was not an offense.

 The Court of Criminal Appeals has recently held that under the law of parties, it
is not necessary that the person for whose conduct the actor is criminally responsible be himself
criminally responsible. Boyer v. State, 801 S.W.2d 897 (Tex. Cr. App. 1991). Boyer involved
a fact situation substantially identical to the instant cause. The court held that because the conduct
of the informer constituted the commission of an offense, and the defendant solicited or aided that
conduct, the conviction of the defendant as a party was lawful. It was not necessary that the
informer be criminally responsible for the offense committed by his conduct. 

 Taylor delivered cocaine to Bloom by actual transfer. The jury could reasonably
find that appellant solicited and aided that delivery. The district court did not err by authorizing
appellant's conviction as a party, and the evidence is sufficient to sustain the jury's verdict on that
basis. Nevarez v. State, 767 S.W.2d 766 (Tex. Cr. App. 1989).


 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:  May 15, 1991

[Do Not Publish]