Kerry Dwayne TATE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1042–90.

Court of Criminal Appeals of Texas,
En Banc.

June 26, 1991.

Jess N. Turner, III, Graham, for appellant.

John A. Neal, Dist. Atty., Graham, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted of delivery of a controlled substance, to-wit: methamphetamine of less than 28 grams. V.A.C.S. Art. 4476–15, § 4.03 (repealed). Now see V.T.C.A. Health & Safety Code § 481.112. Appellant pled "true" to two enhancement allegations, and the jury assessed his punishment at 45 years confinement in the Texas Department of Corrections.[1] On direct appeal, the court of appeals reversed appellant's conviction and remanded the cause for a new trial. *Tate v. State,* 793 S.W.2d 760 (Tex.App.—Fort Worth 1990). We granted the State's petition to address its one ground for review that the court of appeals erred in holding that the jury instructions regarding the law of parties constituted reversible error.[2]

This cause involves the sale of methamphetamine between appellant, an undercover police officer, and the officer's informant. At the guilt/innocence stage, the trial judge instructed the jury in the abstract portion of the charge on the law of parties but did not apply the law of parties to the facts of the case. Appellant objected to the charge on three grounds: (1) the parties theory was not alleged in the indictment[3]; (2) there was no evidence of a

1. Now called the Texas Department of Criminal Justice, Institutional Division.

2. At oral argument appellant's attorney maintained that allowing the State to plead actual delivery and then obtain a charge and conviction based on the law of parties violated case law from this Court mandating that the State give notice whether it will try appellant on a constructive delivery or actual delivery theory. In other words, guilt of actual delivery via parties is actually guilt of constructive delivery, but if only actual delivery was alleged in the indictment then the defendant received no notice that

was the State's theory of culpability. Though this is perhaps a tempting legal issue to deal with, it is not part of the ground for review we granted this petition on and thus we decline to address it.

3. The court of appeals correctly disposed of this contention on appeal, noting that "it is well settled that if the evidence supports a charge on the law of parties, the court may charge on the law of parties even though there is no such allegation in the indictment." *Tate,* 793 S.W.2d at 763, and cases cited therein.

conspiracy or agreement to act between appellant and the informant either before or during the actual delivery; and (3) the parties charge was confusing because it permitted the jury to determine the informant was acting on behalf of either appellant or the undercover officer. Appellant did not object to the failure of the application paragraph to apply the law of parties to the facts. See *Tate*, 793 S.W.2d at 762.

After reviewing the history of the law of parties, the court of appeals concluded that although the informant intentionally and knowingly delivered methamphetamine to the undercover officer, he could not be held criminally responsible for that conduct because he acted as an agent of the officer, who was acting in his official capacity. *Id.* at 765. The court of appeals reasoned since neither the informant nor the officer was criminally responsible, no offense was committed to which the appellant could have been a party. Thus, the court of appeals held the trial court erred in charging the jury on the law of parties. After conducting a harm analysis under *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1984) (Opinion on Rehearing), the appellate court concluded appellant suffered "some" harm and reversed his conviction. *Tate*, 793 S.W.2d at 768.

At the time the court of appeals rendered its decision, it did not have the benefit of our recent decision in *Boyer v. State*, 801 S.W.2d 897 (Tex.Cr.App.1991). In *Boyer*, a factually similar delivery of methamphetamine case involving the same undercover officer as the case *sub judice*, we concluded the proper focus was on the conduct of the informant, and that, under the law of parties, as long as the conduct of the informant resulted in the "commission of an offense," and the defendant solicited that conduct, then a conviction may be had. *Boyer*, 801 S.W.2d at 899. Thus, the court of appeals in the present cause erred in its conclusion that appellant could not be convicted as a party.

We therefore reverse the judgment of the court of appeals and remand this cause to that court for reconsideration of appellant's first point of error in light of *Boyer*.