Michael Hughes ATKINSON, Appellant,

v.

The STATE of Texas, State.

No. 2–92–328–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 21, 1996.

Abe Factor, Lollar & Factor, Robert Ford, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles Mallin, Steven W. Condor and Michael Klein, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION ON REMAND

DAY, Justice.

A jury convicted Michael Hughes Atkinson, appellant, for driving while intoxicated, and the court assessed punishment at 120 days' confinement, probated for two years, and a $500 fine. This court previously reversed and remanded this case, holding that the trial court erred by refusing to give a

jury instruction to disregard intoxilyzer test results if the jury did not find the test was properly administered, and that the error was not harmless beyond a reasonable doubt under Texas Rule of Appellate Procedure 81(b)(2). *Atkinson v. State*, 871 S.W.2d 252, 257 (Tex.App.—Fort Worth 1994); *see* Tex. R.App. P. 81(b)(2). The Court of Criminal Appeals agreed that the trial court erred in not giving the jury instruction. However, it held for the first time that the harmless error rule of Texas Code of Criminal Procedure article 36.19 is the appropriate rule of harm analysis for jury charge error under the requirements of article 38.23 of the Texas Code of Criminal Procedure. Accordingly, it vacated and remanded this cause to us for consideration of harm under that standard. *Atkinson v. State*, 923 S.W.2d 21, 27 (Tex. Crim.App.1996); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981). Because we find that Atkinson has shown some harm, we reverse the judgment of the trial court and remand for a new trial.

▆▆▆▆ Article 36.19 of the Texas Code of Criminal Procedure provides:

Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.

Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981). Under this standard, where a defendant has made a timely objection, and there is error, reversal is required if there is "*some* harm to the accused from the error." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1984) (op. on reh'g). Thus, we must reverse provided the error is not harmless. *Id.* To determine whether there is harm, we must evaluate "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the

record of the trial as a whole." *Id.* Some harm means any harm, regardless of degree. *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim.App.1986). We may affirm cases involving preserved charging error only if no harm has occurred. *Id.* But we must measure the error's harmfulness at least in part against the likelihood that the verdict was actually based on another theory of culpability unaffected by the erroneous charge. *Govan v. State*, 682 S.W.2d 567, 570–71 (Tex. Crim.App.1985), *overruled on other grounds*, *Brown v. State*, 716 S.W.2d 939, 945 (Tex. Crim.App.1986); *see also Atkinson*, 923 S.W.2d at 27; *Scott v. State*, 768 S.W.2d 308, 309–10 (Tex.Crim.App.1989); *Johnson v. State*, 739 S.W.2d 299, 305 (Tex.Crim.App. 1987) (plurality opinion); *Black v. State*, 723 S.W.2d 674, 675 n. 2 (Tex.Crim.App.1986); *Brown v. State*, 716 S.W.2d 939, 945–46 (Tex. Crim.App.1986). Thus, Atkinson may prevail on appeal only if he shows some actual harm regardless of the theory on which the jury based its verdict.

Atkinson asked the trial court to include the following instruction in the jury charge:

You are instructed that under our law in order to be considered valid, a chemical test must be performed according to the rules and regulations governing such test by the Department of [P]ublic Safety concerning proper techniques and methodology.

Included in those regulations are:

(1) continuous observation of the person tested for a minimum of fifteen (15) minutes prior to the actual test;

(2) operating the reference sample device by blowing through it to see that the bubbling is reduced;

(3) checking the temperature to determine if it is 34 degrees plus or minus 2 degrees;

(4) keeping the breath tube housed inside the machine until the subject is required to give a sample.

If you have found beyond a reasonable doubt that each of these regulations were complied with you may consider such test and give it whatever weight that you choose.

If you do not so find or if you have a reasonable doubt as to whether these regulations were complied with you may not consider said test for any purpose and shall not refer to it further in your deliberations.

However, the trial court improperly ruled that this instruction impermissibly commented on the weight of the evidence and denied Atkinson's request. *Atkinson,* 923 S.W.2d at 25. Thus, the jury was not instructed that it was not to consider the intoxilyzer test if it had a reasonable doubt regarding whether it was properly administered.

The jury was instructed that it could find Atkinson intoxicated under either of two theories: "A. Not having the normal use of mental or physical faculties by reason of the introduction of alcohol into his body; or B. [h]aving an alcohol concentration of 0.10 or more." Further, it was instructed that it could find Atkinson guilty only if it was "satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of *all* the evidence in the case." [Emphasis added.]

The State argues that Atkinson was not precluded from challenging the credibility of the intoxilyzer results; thus, there may have been no harm. Atkinson's challenging the test's credibility certainly may have affected the weight the jury placed on the intoxilyzer results. Regardless, the trial court instructed the jury that it must consider *all* the evidence and did not instruct it not to consider the intoxilyzer test if it did not find beyond a reasonable doubt that it was properly administered.

The State cites *Forte v. State* and *Aguirre v. State,* asserting that the jury may have convicted Atkinson because he did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body, and accordingly, he is unable to show actual harm from the court's failure to give the requested instruction. *Forte v. State,* 686 S.W.2d 744, 755–56 (Tex. App.—Fort Worth 1985), *aff'd in part, rev'd on other grounds in part,* 707 S.W.2d 89 (Tex.Crim.App.1986); *Aguirre v. State,* 732 S.W.2d 320, 326 (Tex.Crim.App. [Panel Op.]

1987) (op. on reh'g). This is the same principle as that put forth in *Govan.* 682 S.W.2d at 570–71. However, *Forte* and *Aguirre* are not on point because in both the issue was whether there was sufficient evidence to convict when there was little or no evidence for an alternative theory of culpability in a jury charge. *Id.* The issue in this case is whether the trial court's failure to give a proper jury charge caused any harm.

Furthermore, *Govan* and its progeny do not control because in this case there is no theory of culpability that would be unaffected by the error. *Id.; see also Scott,* 768 S.W.2d at 309–10; *Johnson,* 739 S.W.2d at 305; *Black,* 723 S.W.2d at 675 n. 2; *Brown,* 716 S.W.2d at 945–46. The jury could not have found Atkinson intoxicated because he had an alcohol concentration of 0.10 or more without the intoxilyzer test because there was no other evidence of his intoxication level. And, if the jury found him intoxicated because he did not have the normal use of his mental or physical faculties by reason of introduction of alcohol into his body, it had to consider the intoxilyzer test in weighing the evidence in accordance with the instruction that the jury could find Atkinson guilty only if it was satisfied beyond a reasonable doubt of the defendant's guilt after considering *all* the evidence. Notwithstanding other evidence supporting Atkinson's conviction under this theory, the conviction would be tainted by the jury's consideration of the intoxilyzer test regardless of whether it found it was properly administered. Thus, whichever theory Atkinson was convicted under, there was some harm from the absence of the requested jury instruction because the jury necessarily had to consider the intoxilyzer test results when it convicted him.

Under the standard set forth in *Arline,* any harm is sufficient. 721 S.W.2d at 351. Harm is further shown when considered in the light of the extensive testimony regarding Atkinson's intoxilyzer test and its results and the State's reliance on these results when arguing at trial. In its case in chief, the State called three witnesses, the arresting officer, the intoxilyzer operator, and a technical supervisor, who testified as an expert on intoxilyzer tests and intoxilyzer

equipment. The intoxilyzer operator and the technical supervisor comprised the bulk of the testimony offered by the State. Further, the State reemphasized the importance of this evidence in its closing argument:

This case happened in 1989. It is now 1992. If it were not for the intoxilyzer machine we wouldn't have known what the Defendant's intoxication level was on May 14th, 1989, at 1:50 in the morning, much less be able to make a determination with your own minds as to what his intoxication was at 12:50 in the morning.

In summary, after a review of the entire record, we find that without the requested jury instruction, Atkinson could not negate the evidence of the intoxilyzer test because the jury was instructed to consider all the evidence. We hold that Atkinson has shown some harm under the harmless error rule of the Texas Code of Criminal Procedure article 36.19. We reverse the judgment of the trial court and remand for a new trial.