TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00034-CR






Leopoldo Cerda, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 204TH JUDICIAL DISTRICT

NO. F-0254103-Q, HONORABLE PAT MCDOWELL, JUDGE PRESIDING




 

M E M O R A N D U M O P I N I O N



 Appellant Leopoldo Cerda was charged with delivery of cocaine. See Tex. Health
& Safety Code Ann. §§ 481.102(3)(D), .112 (West 2003 & Supp. 2004). The jury charge included
an instruction on the law of parties, and the jury returned a guilty verdict. See Tex. Pen. Code Ann.
§ 7.02(a) (West 2003). Appellant argues on appeal that the evidence is legally and factually
insufficient to support his conviction. We affirm the judgment.

 Undercover police officer Mark Underwood testified that in August 2002 he worked
with a paid informant named Nicholas Desimone to arrange for Underwood to buy two ounces of
cocaine. Underwood had worked with Desimone, who is a crack addict, for about seven years. 
Underwood said this was to be a "buy-walk buy," where an undercover officer buys the drugs and
walks away, and other officers arrest the dealers "down the road or wherever." On August 22,
Underwood and three surveillance officers went to the location specified by Desimone and waited
for a gray Mercury automobile. The car pulled up with Desimone in the back seat, Cesar Palacio
driving, and appellant in the front passenger seat. Underwood, who was carrying $1,000 in marked
bills, got into the back seat behind the driver. (1) Underwood testified that he asked if the cocaine was
going to be "in rocks," and appellant answered that it was in powder. Underwood said, "No, I meant
is it going to be in chunks," and appellant assured Underwood that it was in chunks and not cut up,
a sign that the cocaine was "good dope." Palacio handed Underwood a piece of folded tin foil
containing nearly two ounces of cocaine. Underwood then began to haggle over the price for the
cocaine, saying he did so for two reasons: (1) "[d]rug dealers always haggle over price," and a dealer
knows something is wrong if a buyer pays and leaves without trying to get a better price; and (2)
Underwood was trying to see what appellant's role was in the drug deal. Underwood testified that
appellant refused to reduce the price from $1,000, telling Underwood that "they couldn't come down
but that they would--if I bought from them again that they would take better care of me next time." 
Underwood gave the money to Palacio, and he and Desimone got out of the car and walked away. 
The surveillance officers then stopped and arrested appellant and Palacio. Asked what role appellant
played in the drug deal, Underwood answered, "I couldn't decide whether he was basically running
it. He's definitely a partner in the--in the transaction. I couldn't see who was--who was the main
character in it, if there was one."

 Underwood testified that he had been a police officer for more than twenty years, and
had been in narcotics for about ten years. He uses informants to arrange drug buys because he needs
such people to gain drug dealers' trust. He said to gain a drug dealer's trust, he has to start small and
make several small buys to gain the dealer's confidence. Two other officers involved in the arrest
testified about their observations of the drug buy from a distance and the arrest of Palacio and
appellant. One officer testified that Palacio had the $1,000 in marked bills in his possession upon
his arrest, and another stated that he did not find weapons on Palacio or appellant when he patted
them down after stopping their car.

 Appellant contends that the evidence is legally and factually insufficient, arguing in
part that there was no direct or constructive delivery, either as a principal or party. We disagree.

 In reviewing the evidence for legal sufficiency, we view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In evaluating the factual sufficiency of the evidence, we view all of the evidence
in a neutral light and will set aside a verdict only if the proof of guilt is so obviously weak or so
greatly outweighed by contrary evidence as to undermine confidence in the verdict. Id. at 11. We
must be appropriately deferential to the jury's judgment and should not substantially intrude upon
the jury's role as the sole judge of the weight and credibility given to witness testimony. Id. at 7.

 A person commits the offense of delivery of a controlled substance if he actually or
constructively transfers or offers to sell a controlled substance to another person. Tex. Health &
Safety Code Ann. § 481.002(8) (West Supp. 2004); see Thomas v. State, 832 S.W.2d 47, 50-51 (Tex.
Crim. App. 1992). "'[A]ctual transfer' occurs when the defendant transfers actual possession and
control of a controlled substance to another person." Thomas, 832 S.W.2d at 51. "'[C]onstructive
transfer' occurs when the defendant transfers a controlled substance, either belonging to him or under
his control, by some other person or means, at the direction of the defendant." Id.; see generally
Sims v. State, 117 S.W.3d 267 (Tex. Crim. App. 2003) (discussing actual and constructive transfer).

 Appellant was indicted for delivery of a controlled substance under all three theories,
and the jury charge set out all three theories. See Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim.
App. 1991) ("alternate pleading of the differing methods of committing one offense may be charged
in one indictment"); Geter v. State, 779 S.W.2d 403, 406 (Tex. Crim. App. 1989) ("indictment for
delivery of a controlled substance must allege whether the delivery is an offer to sell, constructive,
or actual, or any disjunctive combination of the three"). The jury returned a general verdict. 
Therefore, we will affirm the judgment if the evidence is sufficient to support a finding under any
of the three methods submitted. See Medina v. State, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999);
Cano v. State, 3 S.W.3d 99, 106 (Tex. App.--Corpus Christi 1999, pet. ref'd).

 A person may be held criminally responsible for an offense committed by another if,
intending to assist the commission of the offense, he solicits, encourages, directs, or aids the other
person in the commission of the offense. Tex. Pen. Code Ann. § 7.02(a)(2). The law of parties
applies to a prosecution for delivery of a controlled substance. See Boyer v. State, 801 S.W.2d 897,
899 (Tex. Crim. App. 1991); Robinson v. State, 815 S.W.2d 361, 363 (Tex. App.--Austin 1991, pet.
ref'd). The law of parties allows a conviction "where the defendant is physically present at the
commission of the offense and encourages its commission by words or other agreement." Ransom
v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996) (op. on reh'g); see Hanson v. State, 55
S.W.3d 681, 689 (Tex. App.--Austin 2001, pet. ref'd). The evidence must show that the parties
were acting together at the time of the offense, each contributing toward the execution of their
common purpose. Hanson, 55 S.W.3d at 690. A court may look to events occurring before, during,
and after the commission of the offense, and to a defendant's acts showing an understanding and
common design to commit the offense. Ransom, 920 S.W.2d at 302; Hanson, 55 S.W.3d at 690.

 The evidence shows that appellant and Palacio drove to the drug deal together. 
Appellant did most of the talking and negotiating with Underwood, describing the form of the
cocaine and telling Underwood that they, implying Palacio and appellant, would not lower the price
of the drugs during this buy but that they would take care of Underwood the next time he bought
drugs from them. Palacio physically handed the drugs to Underwood, and the money was in
Palacio's possession when he and appellant were arrested. There is evidence that there was actual
delivery of cocaine from Palacio to Underwood and that appellant was acting to encourage, assist,
or participate in the delivery. Whether the evidence is viewed in a neutral light or in the light most
favorable to the verdict, a rational jury could have found that appellant acted as a party to the actual
delivery of cocaine, and such a finding is not so obviously weak or greatly outweighed by contrary
evidence as to undermine confidence in the verdict. See Johnson, 23 S.W.3d at 7. Having found
the evidence sufficient to support one theory of delivery, we need not discuss the sufficiency of the
evidence supporting the other theories. See Medina, 7 S.W.3d at 630. We overrule appellant's
issues on appeal and affirm the judgment.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed: December 18, 2003

Do Not Publish
1. Underwood said he was also carrying a small recorder, but the recorder did not record
properly. He said he had not used the recorder before and has never used it since.