Derrick Derane JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–292 CR.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 13, 1996.

Decided May 15, 1996.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Beaumont, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

■ This is an appeal from a conviction of attempted murder, with punishment enhanced as a repeat offender. Appellant was indicted by a Jefferson County grand jury for the offense of attempted murder, with punishment enhanced by a prior attempted burglary conviction. Trial was to a jury and the jury found the appellant guilty of the offense as alleged in the indictment. The jury further found appellant was previously convicted of a felony offense and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifty years, together with a fine of $10,000. From said judgment and conviction, appellant has perfected his appeal. Appellant brings forth two points of error; we sustain point of error one, the judgment below is reversed, and the cause remanded. In appellant's first point of error, he contends he has been denied a complete record on appeal since a portion of the statement of facts is missing. According to appellant, it is apparent on the face of the record the trial judge made comments to the venire while the court reporter was not present. Since the comments were not taken down by the court reporter, a portion of the record which should have been included is missing. The record also reveals the trial court entered an order stating: "[T]he court reporter shall record all matters pertaining to this cause to include pre-trial hearing, *voir dire*, trial, final argument and matters pertaining to sentencing." As evidence of an omission from the record, appellant cites the statement of facts as follows:

> THE COURT: Thank you. And I understand 30 minutes per side?
>
> [Defense Counsel]: Yes, Your Honor.
>
> THE COURT: Thank you. We'll stand in recess. Bring in the jury.
>
> (THE COURT IS IN A MORNING RECESS.)
>
> (VOIR DIRE PROCEEDINGS COMMENCED, AFTER WHICH THE COURT REPORTER WAS CALLED INTO THE COURTROOM TO MAKE A RECORD OF SAME.)
>
> THE COURT: ... It is your criminal justice system.
>
> The Court has previously called Cause No. 62435, the State of Texas versus Derrick Derane Jones. The charge is attempted murder.

By virtue of the court reporter's statement that after voir dire commenced, she was called into the courtroom and then made a record of same, as well as the presence of the

ellipsis after the court reporter's parenthetical statement, it is apparent from the face of the record that a portion of the court's comments to the venire was not transcribed and is not in the record. This omission is in violation of the court's standing order to record all matters pertaining to this cause. As observed by Justice Burgess in his dissent in *Stewart v. State*, 856 S.W.2d 567, 574 (Tex.App.—Beaumont 1993, no pet.), trial judges should adopt the rule: "Do not address the jury panel unless the defendant is present and, if you do, have the court reporter take it down."

■ The fact that a portion of the statement of facts is missing, however, does not automatically entitle appellant to a reversal. *See Culton v. State*, 852 S.W.2d 512 (Tex. Crim.App.1993); *Stewart*, 856 S.W.2d at 567; *Gibbs v. State*, 819 S.W.2d 821, 827–828 (Tex. Crim.App.1991), *cert. denied*, 502 U.S. 1107, 112 S.Ct. 1205, 117 L.Ed.2d 444 (1992); and *Harris v. State*, 790 S.W.2d 568, 575–576 (Tex.Crim.App.1989). The appellant has the burden to establish he has been deprived of his statement of facts. *See* Tex.R.App.P. 50(d), (e). He satisfies the requirements of Rule 50(e) by (1) making a timely request for a statement of facts, and by (2) showing the court reporter's notes and records have been lost or destroyed without appellant's fault. When the trial judge orders his court reporter to prepare the entire record on appeal, a timely request to that court reporter to prepare the statement of facts is sufficient to comply with the timely request requirement mandated by Tex.R.App.P. 50(e). *See Culton*, 852 S.W.2d at 515. The record reflects that counsel for appellant made a timely request to the court reporter to prepare the statement of facts and to include therein all pre-trial, trial, and post-conviction matters.

■ In meeting the second prong of the above requirements, appellant must show he exercised due diligence in attempting to obtain the missing portion of the record. *See Culton*, 852 S.W.2d at 514; *Dunn v. State*, 733 S.W.2d 212, 215–216 (Tex.Crim.App. 1987), *cert. denied*, 506 U.S. 834, 113 S.Ct. 105, 121 L.Ed.2d 63 (1992). Due diligence has been determined to mean that the appellant must (a) obtain the missing portion(s) of the record and file a motion to supplement the record, or (b) obtain an affidavit from the court reporter explaining the absence of the missing portion of the record and file a motion to supplement the record supported by affidavit(s). *Culton*, 852 S.W.2d at 515. Citing examples of due diligence, the Court of Criminal Appeals in *Culton* noted that reversal of conviction on the grounds of an incomplete statement of facts was proper in *Martinez v. State*, 802 S.W.2d 105 (Tex.App.—Amarillo 1990, no pet.) and *McLennan v. State*, 796 S.W.2d 324 (Tex.App.—San Antonio 1990, pet. ref'd), where the defendants obtained a statement of facts by designating the record properly and by contacting the particular court reporters involved. In those cases, the records on appeal included affidavits from the court reporters explaining the absence of a portion of the record and showing diligence in requesting the missing portions. *Culton*, 852 S.W.2d at 515.

In the instant case, the record reflects that counsel for appellant made a timely request to the court reporter to prepare the statement of facts and to include therein all pretrial, trial, and post conviction matters. The court reporter prepared the statement of facts and signed the following certificate:

I, MARGARET THORNE, CSR, official court reporter in and for the Criminal District Court, Jefferson County, Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all the proceedings in the above styled and numbered cause, all of which occurred in open court or in chambers, as reflected, and was reported by me.

I further certify that this transcription of the record of the proceedings truly and correctly reflects the exhibits, if any, offered and admitted by the respective parties.

WITNESS my hand this the 17th day of March, 1995

/s/ Margaret Thorne
    Margaret Thorne, CSR

Certificate No.: 1349
My Commission Expires:
December 31, 1995

Citing *Dunn*, 733 S.W.2d 212, appellant correctly points out he had requested the entire record by letter to the court reporter. In so doing, he satisfied prong one of the two-prong test. As to Rule 50(e)'s second requirement, appellant is unable to show the notes and records are lost or destroyed, because no notes or records were made of that portion of the proceedings. Rather than showing lost or destroyed notes and records, the appellant in this case must demonstrate they were never made. Under ordinary circumstances, it would be necessary, in order to show due diligence, for appellant to obtain an affidavit from the court reporter, stating that a part of the statement of facts is missing. Such an affidavit in the instant case, however, would be unnecessary and duplicative, since the face of the record itself shows the omission of certain comments by the judge to the venire. Under this unusual set of facts, there is nothing appellant can accomplish by providing an affidavit stating that a portion of the record is missing and unavailable. To require the appellant to obtain an affidavit from the court reporter would be a useless act. In the performance of her duties, the court reporter properly noted the omission in the record and certified the statement of facts. There is no need to again certify, this time by affidavit, that a portion of the record is missing and unavailable.

The statement of facts in the instant case was incomplete. The failure to provide a complete statement of facts for purposes of appeal is not subject to a harmless error analysis. *Perez v. State*, 824 S.W.2d 565 (Tex.Crim.App.1992); *accord: Dunn*, 733 S.W.2d at 216 and *Bond v. State*, 694 S.W.2d 622, 623 (Tex.App.—Beaumont 1985, pet. ref'd). Consequently, a reversal is mandated. We sustain appellant's first point of error. Accordingly, we need not address point of error two.

The judgment below is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.