Derrick Derane JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 0917–96.

Court of Criminal Appeals of Texas,
En Banc.

March 19, 1997.

Douglas M. Barlow, Beaumont, for appellant.

Rodney D. Conerly, Asst. Dist. Atty., Beaumont, Matthew Paul, State's Atty., Austin, for the state.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge.

Appellant was convicted of attempted murder. He presented two points of error to the Court of Appeals. In his first point of error, he argued that the record was incomplete because a portion of the voir dire occurred before the court reporter was present in the courtroom. In his second point of error, appellant complained that the trial court erred in admitting an extraneous offense. The Court of Appeals reversed and remanded the case for a new trial on the basis of appellant's first point of error. *Jones v. State*, 923 S.W.2d 158 (Tex.App.—Beaumont 1996). We will reverse.

The record reveals that the trial court entered an order stating: "[T]he court reporter shall record all matters pertaining to this cause to include pre-trial hearing, voir dire, trial, final argument, and matters pertaining to sentencing." However, the statement of facts shows that the court reporter did not record some comments made by the trial judge to the venire:

THE COURT: Thank you. And I understand 30 minutes per side?

[Defense counsel]: Yes, Your Honor.

THE COURT: Thank you. We'll stand in recess. Bring in the jury.

(THE COURT IS IN A MORNING RECESS.)

(VOIR DIRE PROCEEDINGS COMMENCED, AFTER WHICH THE COURT REPORTER WAS CALLED INTO THE COURTROOM TO MAKE A RECORD OF SAME.)

THE COURT: . . . . It is your criminal justice system.

The Court of Appeals noted in its opinion that "a portion of the [trial] court's comments to the venire was not *transcribed* and is not in the record." *Jones*, 923 S.W.2d at 160 (emphasis and bracketed material added). The statement of facts also reveals that appellant made no objection regarding the failure to make a record of these comments. The Court of Appeals held that the record was incomplete without appellant's fault and that such incompleteness required a reversal and new trial under Tex.R.App. P. 50(e). *Id.* at 160–161.

▮ The State contends that this case is governed by our recent opinion in *Williams v. State*, 937 S.W.2d 479, 486–87 (Tex.Crim. App.1996). In *Williams*, we held that Rule 50(e) applied only to instances in which a record was made but later lost or destroyed. *Id.* at 486. Because the "missing" portion of the record in *Williams* was never *made*, Rule 50(e) did not apply. *Id.* We further held that a party must object before the trial court to the court reporter's failure to record certain proceedings to complain of that error on appeal. *Id.* at 487.[1]

▮ We agree that *Williams* governs the outcome of this case. Appellant's complaint is that the court reporter was not present to *record* certain proceedings. Because the record was never created, Rule 50(e) does not apply. Appellant failed to preserve the point of error by not objecting to the failure to record the trial judge's initial comments to the venire.[2]

The judgment of the Court of Appeals is reversed, and this cause is remanded to that court for consideration of appellant's second point of error.

BAIRD, Judge, dissenting.

In non-capital cases, our jurisdiction is limited to reviewing "decisions" of the intermediate appellate courts. Tex. Const. Art. V, § 5; *and,* Tex.R.App. P. 200, *et. seq.* For this to be done in an orderly fashion, we review only decisions where the court of appeals had the benefit of all pertinent authority. Consequently, when this Court delivers a pertinent decision after the court of appeals' opinion, our policy is to remand the case to the court of appeals for further con-

1. The State relied upon *Williams* in oral argument. Appellant responded that the issue was waived by the State because it failed to raise the issue before the Court of Appeals or in its petition for discretionary review. But in his brief to the Court of Appeals, appellant did not cite Rule 50(e) or discuss its language although he did cite appellate cases discussing the rule. While the State's contention in oral argument was not advanced before the Court of Appeals or in its petition for discretionary review, the State did point out in its petition that the record contained no objection by appellant to the court reporter's absence. Moreover, *Williams* was decided after the State's petition was filed, and the State raised in its brief to this Court the issue and authorities upon which *Williams* relies. Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion. *See Hughes v. State*, 878 S.W.2d 142, 151 (Tex.Crim.App.1992); *Fuller v. State*, 829 S.W.2d 191, 199 n. 4 (Tex.Crim.App.1992), *cert. denied*, 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993). While the State may forfeit the right to this Court's review of a preservation of error issue by failing to complain in a petition for discretionary review, *see Fuller*, 829 S.W.2d at 199 n. 4, in light of *Williams* and the procedural peculiarities of this case, we believe it appropriate to address here the issue raised by *Williams*.

2. The State also argues that the trial judge's comments to the venire are not part of "voir dire." There is some support for the State's claim. *See Davis v. State*, 782 S.W.2d 211, 214 (Tex.Crim.App.1989), *cert. denied*, 495 U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 520 (1990). Because the trial court's order for the court reporter to record proceedings mentions several specific proceedings including voir dire but does not mention pre-voir dire comments by the trial judge, the order arguably does not encompass the unrecorded comments made in the present case. Because of our holding regarding the *Williams* issue, however, we need not address this contention.

sideration in light of the opinion from this Court. *See, Tate v. State,* 811 S.W.2d 607 (Tex.Cr.App.1991). This is also the policy of the United States Supreme Court. *See, Earhart v. State,* 877 S.W.2d 759 (Tex.Cr.App. 1994).

At the time of its opinion, the Court of Appeals did not have the benefit of our decision in *Williams v. State,* 937 S.W.2d 479 (Tex.Cr.App.1996). The majority recognizes this, *ante,* at 2, n. 1, but, inexplicably, does not remand the case to the Court of Appeals. We should not act contrary to the policies we have imposed on ourselves. *Abdnor v. State,* 808 S.W.2d 476, 480 (Tex.Cr.App.1991)(McCormick, J., dissenting).

Believing it is manifestly improper to rely on authority to reverse a decision of a court of appeals without first providing that court with an opportunity to resolve the issue utilizing the same authority, I respectfully dissent.

OVERSTREET and MEYERS, JJ., join this opinion.