**Derrick Derane JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 19–94–292–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted May 21, 1997.

Decided July 9, 1997.

Rehearing Overruled Aug. 29, 1997.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

### OPINION ON REMAND

STOVER, Justice.

Appellant was convicted of attempted murder. On appeal he presented two points of

er' or: (1) Appellant has been denied a complete record on appeal; and (2) The trial court erred in admitting evidence of an extraneous offense, to wit: an alleged assault by appellant.

This court in *Jones v. State*, 923 S.W.2d 158 (Tex.App.—Beaumont 1996), *rev'd and remanded*, 942 S.W.2d 1 (Tex.Crim.App. 1997), sustained point of error one and reversed and remanded the cause to the trial court. Subsequently, the State filed its petition for discretionary review with the Court of Criminal Appeals, which, in turn, reversed this court's decision on point of error one and remanded the cause for our consideration of point of error two.

We now address appellant's second point of error which contends the trial court erred in admitting evidence of an extraneous offense. In the record we find the testimony of which appellant complains:

Q. [PROSECUTOR] ... Did you notice anything unusual when you talked to the defendant?

A. Yes, ma'am.

Q. What did you notice?

A. Both his hands were bandaged—bandaged up with white gauze.

Q. Okay. Did you ask him anything about why his hands were all—why his hands and arms were all bandaged up?

A. Yes, ma'am, I did.

Q. Okay. Did he give you any response?

A. He told me he had gotten into a fight with a guy over at Mae's Place on Bonham Street.

Q. Is that all he told you?

A. That's all that I can recall him telling me.

As revealed by the record, appellant's attorney did not object to the State's questions regarding the extraneous offense. Any subsequent objection to later testimony regarding the extraneous conduct was untimely. The claimed error has not been preserved, and the complaint is waived. *See* TEX.R.APP. P. 52(a); *Etheridge v. State*, 903 S.W.2d 1, 14 (Tex.Crim.App.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995). Point of error two is overruled.

AFFIRMED.