IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 612-02






KEVIN SAUCEDA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY






 Keller, P.J., filed a dissenting opinion in which KEASLER, and HERVEY,
JJ., joined.


DISSENTING OPINION



 The trial court could not have erred in admitting this evidence because the evidence was never
admitted. In its brief on discretionary review, the State cites Jackson v. State (1) for the proposition that
error was not preserved because the complained of evidence was never admitted. The State is correct. 
In Jackson, the defendant requested that he be allowed to testify at the punishment phase of trial without
being impeached on cross-examination with prior extraneous offenses. (2) The trial court denied his request
to limit the State's ability to impeach in the event he testified. (3) Relying upon Luce v. United States, (4) we
held that error was not preserved because the defendant did not in fact testify (and thus, was not impeached
with extraneous offenses). (5) In Luce, the defendant complained about the trial court's refusal to foreclose
impeachment with prior convictions in the event the defendant testified. (6) In declining to review the alleged
error, the United States Supreme Court observed that reviewing the trial court's ruling was fraught with
difficulty, requiring speculation about:

(1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling
would have remained the same or would have changed as the case unfolded, (3) whether
the government would have sought to impeach the defendant with the prior conviction, (4)
whether the accused would have testified in any event, and (5) whether any resulting error
in permitting impeachment would have been harmless. (7)


 This case is similar to Jackson and Luce. As in those cases, the defendant declined to introduce
favorable testimony after the trial court indicated that the testimony would open the door to unfavorable
evidence (involving the defendant's extraneous offenses). And, as in those cases, the unfavorable evidence
was never admitted. Because the defendant did not introduce Stephenson's testimony, and as a result,
the child's videotaped statement was never admitted, appellant has failed to preserve error for appellate
review.

 It is true that the State did not raise this particular preservation argument before the Court of
Appeals although it raised a related preservation claim that the was rejected. (8) And it is also true that the
State did not file a cross-petition. Nevertheless, preservation of error is a systemic issue that a first-level
appellate court ought to raise on its own motion and one that a discretionary review court may choose to
address if warranted by the circumstances. (9) There is no escaping that the Court's opinion holds to be
inadmissible evidence that was never admitted - making this opinion advisory in nature. And, the
procedural posture of the case renders problematic any attempts to review the merits or to conduct a harm
analysis. We should either dismiss the petition as improvidently granted or hand down an opinion holding
that error was not preserved. Because the Court does neither, I respectfully dissent.

 KELLER, Presiding Judge

Date filed: March 10, 2004

Publish
1. 992 S.W.2d 469 (Tex. Crim. App. 1999).
2. Id. at 479.
3. Id.
4. 469 U.S. 38 (1984).
5. Jackson, 992 S.W.2d at 479.
6. Jackson, 992 S.W.2d at 479 (citing Luce, 469 U.S. at 39-40).
7. Id. (citing Luce, 469 U.S. at 41-42).
8. The State claimed the trial court had not issued an adverse ruling because it issued a
favorable ruling with regard to whether Stephenson could testify and issued no ruling on whether the
videotape was admissible. 
9. Jones v. State, 942 S.W.2d 1, 2 n. 1 (Tex. Crim. App. 1997).