COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-450-CR

 

 

DEREK SANFORD PHELPS                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Derek Sanford
Phelps appeals his conviction for indecency with a child by exposure.  In his sole point, he argues that he was
deprived of a fair and impartial tribunal at the punishment hearing because the
trial judge failed to consider the full range of punishment by improperly
holding appellant=s failure to
testify during the punishment phase against him and then assessing punishment
near the top of the punishment range.  We
affirm.








Background Facts

On August 31, 2006, a jury
convicted appellant of the offense of indecency with a child by exposure.  See Tex.
Penal Code Ann. ' 21.11
(Vernon 2003).  Although appellant
testified during the guilt/innocence phase of the trial, he did not testify at
the punishment hearing.  On December 8,
2006, the trial court assessed punishment at eight years= confinement.

Standard of Review

To preserve a complaint for
our review, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or motion.  Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic
requirement that this court should review on its own motion.  Archie v. State, 221 S.W.3d 695, 698
(Tex. Crim. App. 2007); Jones v. State, 942 S.W.2d 1, 2 n.1 (Tex. Crim.
App. 1997).

 








Analysis

After sentencing appellant,
the trial judge stated the following:

[The Court]:        Any legal reason why I shouldn=t
sentence him at                       this time?

 

[Mr. Rannefield]:  No, Your Honor.

[The Court]:        I=ll sentence you to eight
years in this case and                  I=ll
direct you to the sheriff of this county to deliver you to the Director for you
to serve out your time.  I=ll
give you credit for time served.

 

The
interesting thing about this case is that there were actually two cases, two
little girls were involved in this, which is very serious.  And based upon your view, you have denied it
all along.  You still even to the
presentence investigator you have denied that that even happened.  So basically what you=re
saying is that the little girls were lying and that you were here basically to
take care of the mother and those children.

 

And
putting you on probation and requiring you to go through all of the various sex
offender treatment programs, it just would not have worked.  The first thing a person has to do is admit
that he did, in fact, commit these offenses and then it=s
opened up for you to address the situation, follow the rules, and try to turn
your life around.  You go in denying it,
it never works.

 








I
mean, they can=t
even assess you properly when you go in denying because you have to take these
various tests.  So you would not have
been a good candidate for a probation. 
These cases themselves are so serious, I just don=t
think that a probation would have been in order in this particular case.

 

All right. 
That=s
going to be [the] order of the                             Court.

 

[Mr. Poe]:           Thank you,
Your Honor.

Here, appellant did not
object to the sentence at trial; therefore, any error is waived.  Tex.
R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265; Thompson v.
State, 243 S.W.3d 774, 775-76 (Tex. App.CFort Worth 2007, pet. filed). 








Appellant, however, relies on
Blue v. State, in which the court of criminal appeals held that the lack
of an objection will not waive a similar error. 
41 S.W.3d 129, 132-33 (Tex. Crim. App. 2000) (plurality op.); see Tex. R. Evid. 103(d).  In Blue, a majority of the court of
criminal appealsBin a
plurality and in concurring opinionsBupheld the general rule that error in a trial court=s comments to a jury is waived absent a timely objection.  Blue, 41 S.W.3d at 133 (AThis case is highly unique and litigants should not view this holding
as an invitation to appeal without making proper, timely objections.@), 134 (Mansfield, J. concurring) (same), 139 (Keasler, J. concurring)
(same); see also Davenport v. State, No. 02-05-00170-CR, 2006 WL
1653320, at *3 (Tex. App.CFort Worth
Jun. 15, 2006, pet. ref=d) (mem.
op., not designated for publication). 
The plurality opinion in Blue went on to hold, however, that in
that particular case the trial court=s comments explaining to the jury that the defendant attempted to
enter into a plea bargain with the State and that the trial court would have
preferred a guilty plea Avitiated the
presumption of innocence@ before the
venire and constituted fundamental error. 
Blue, 41 S.W.3d at 133; see also Davenport, 2006 WL
1653320, at *3.  Such fundamental error
did not require preservation by objection.[2]  Blue, 41 S.W.3d at 133; see also
Davenport, 2006 WL 1653320, at *3. 








In this case, unlike in Blue,
the trial court=s comments
did not taint appellant=s
presumption of innocence in front of a jury. 
In fact, the trial court=s comments were made during the punishment stage after the jury
had found him guilty and after the trial court had assessed
punishment; the jury had already been dismissed.  Cf. Blue, 41 S.W.3d at 133.  Because appellant did not object to his
sentence and because the alleged error was not fundamental, appellant failed to
preserve this issue for review.  See Tex. R. App. P. 33.1(a)(1); Davenport,
2006 WL 1653320, at *3.  Furthermore,
the trial court=s comments
show that it was considering statements made by appellant to the presentence
investigation officer, not appellant=s failure to testify at punishment; those statements related to
whether appellant could be rehabilitated or whether he was a good candidate for
probation, which appellant had specifically requested.  Thus, the trial court=s comments did not bear on appellant=s failure to testify at the punishment hearing or show that appellant
was denied an impartial tribunal.  See
Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001).  Therefore, we overrule appellant=s sole point.

Conclusion

Having overruled appellant=s sole issue, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
April 24, 2008 











[1]See Tex. R. App. P. 47.4.





[2]Because
there is no majority opinion in Blue, it is not binding precedent.  See Pearson v. State, 994 S.W.2d 176,
177 n.3 (Tex. Crim. App. 1999).