IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0922-07






DON TERRELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BRAZOS COUNTY





 Keasler, J., delivered the opinion of the Court in which Keller, P.J., Meyers,
Womack, Hervey, and Cochran, JJ., joined. Price, Johnson, and Holcomb, JJ.
dissented. 


O P I N I O N 



 Shortly after police began investigating Don Terrell for exposing his penis to a child,
Terrell voluntarily went to the Bryan Police Department "to clear his name." Detective
Nevue interviewed Terrell about the offense while Officer Kelly Davis watched from the
next room, which contained recording equipment. Detective Nevue recorded the interview
on audio and video tapes. At trial, Officer Davis testified that, after conducting a thorough
search for the tapes in the property index, she was unable to determine what happened to
them. Detective Nevue also interviewed the complainant at the complainant's house after
interviewing Terrell. Detective Nevue made an audio recording of the interview. Officer
Davis testified that she was also unable to locate the tape of this interview in the property
index. 

 After the close of evidence, but before the jury was charged, Terrell moved to dismiss
the indictment. He claimed that the State violated his due process rights under the Fifth
Amendment to the United States Constitution and Article I, Section 19 of the Texas
Constitution because of its inability to produce the tapes. The trial judge overruled Terrell's
request, and the jury later found Terrell guilty of indecency with a child by exposure and
sentenced him to thirteen years' imprisonment. 

 Before the Waco Court of Appeals, Terrell argued, among other things, that the trial
judge erred in overruling his motion to dismiss based on the due course of law provision in
the Texas Constitution. (1) In addressing Terrell's claim, the court of appeals relied on its
decision in Pena v. State, which held that Texas's due course of law provision provides a
greater level of protection than the Due Process Clause of the Fourteenth Amendment to the
United States Constitution. (2) After a lengthy analysis, the court ultimately held that Terrell's
due course of law rights were not violated and affirmed his conviction and sentence. (3) 

 We granted review to determine whether the due course of law provision affords
greater protection than the Due Process Clause when the State loses or destroys evidence and,
if so, what standard applies to such a violation. However, based on our decision today in
Pena v. State (Pena IV), (4) we conclude that the court of appeals erred in failing to consider
whether Terrell preserved his particular due course of law complaint for appellate review. 
Therefore, we reverse the judgment of the court of appeals and remand the case so that the
court can determine whether Terrell's specific due course of law complaint was timely and
specific under Texas Rule of Appellate Procedure 33.1. (5) 


DATE DELIVERED: April 8, 2009

PUBLISH 

1. Terrell v. State, 228 S.W.3d 343, 345 (Tex. App.--Waco 2007). 
2. Id. (citing Pena v. State (Pena III), 226 S.W.3d 634 (Tex. App.--Waco, 2007,
pet. granted)). 
3. Id. at 346-48.
4. No. PD-1411-07 (Tex. Crim. App. April 8, 2009).
5. See Jones v. State, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997) ("Preservation of
error is a systemic requirement that a first-level appellate court should ordinarily review
on its own motion.").