

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0069-09

---

### KENNETH LEE MAYER, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### SWISHER COUNTY

---

**KEASLER, J., filed a dissenting opinion in which KELLER, P.J., MEYERS, and WOMACK, JJ., joined.**

## O P I N I O N

The court of appeals in this case did not address whether a challenge to the reimbursement order could be raised for the first time on appeal when Kenneth Lee Mayer failed to object to the order in the trial court. Preservation of error is a systemic requirement, and the courts of appeals are obligated to consider whether each point of error raised on appeal is subject to preservation requirements, and if so, whether the point of error was

properly preserved.[1] I disagree with the majority's contention that Mayer raised a legal sufficiency claim. As evidenced by the briefs before us, the exact nature of the issue raised by Mayer is hotly contested.[2] It is also debatable whether a sufficiency review is appropriate in this case.[3] The preservation issue here is unsettled, so we should give the court of appeals the opportunity to address this issue in the first instance.[4] I would vacate the court of appeals's judgment and summarily remand the case to the court of appeals so that it could determine whether Mayer was required to preserve his complaint about the reimbursement order.

DATE DELIVERED: March 24, 2010
PUBLISH

---

[1] *See Wilson v. State*, PD-0307-09, 2010 Tex. Crim. App. LEXIS 20, at \*40-41 (Tex. Crim. App. Mar. 3, 2010) (Keasler, J., dissenting); *Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.").

[2] *See Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and must do so explicitly.").

[3] *See e.g., Speth v. State*, 6 S.W.3d 530, 531 n.1 (Tex. Crim. App. 1999) (stating that imposition of probation conditions is not appropriate for a sufficiency review).

[4] *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005) (Texas Rule of Appellate Procedure 47.1 requires courts of appeals to address every issue raised and necessary to the final disposition of the case in its opinions).