

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0307-09

**RONALD WILSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTH COURT OF APPEALS BEXAR COUNTY

KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

### <u>DISSENTING OPINION ON STATE'S MOTION FOR REHEARING</u>

I cannot agree that granting rehearing is "of no consequence" under the circumstances here. On original submission, I dissented on the very basis on which the State seeks rehearing. I asserted then that the court of appeals erred in addressing Wilson's claim under Penal Code Section 37.09 because it was not preserved at trial. My opinion on the issue remains the same: the State's failure to call the court of appeals's attention to this deficiency does not change the fact that the alleged error under Section 37.09 was not properly

preserved, and the court of appeals was obligated to address preservation in the first instance.[1] I would therefore grant the State's first ground for rehearing and remand the case to the court of appeals to consider Wilson's remaining points of error.

DATE DELIVERED: June 9, 2010
PUBLISH

---

[1] *See Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.").