

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00049-CR

---

CESAR ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court No. Two
Tarrant County, Texas
Trial Court No. 1530264D, Honorable Wayne Salvant, Presiding

---

July 29, 2021

## MEMORANDUM OPINION

### Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Through three issues, Appellant Cesar Romero appeals his sentence of twenty years' confinement in prison after pleading guilty to the offense of intoxication manslaughter.[1] We overrule each issue and affirm the judgment of the trial court.[2]

---

[1] *See* TEX. PENAL CODE ANN. § 49.08(b) (West 2011).

[2] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

**Background**

In the early morning of January 28, 2018, after consuming alcohol to the point of intoxication, Appellant drove his vehicle in the wrong direction on Interstate Highway 820. He was initially spotted driving north in the southbound lane near Camp Bowie Road. As he proceeded against oncoming traffic, near Interstate 30, Appellant's vehicle collided head-on with a vehicle driven by Moses Delozando. Delozando died from injuries sustained in the collision.

Appellant entered an open plea of guilty to the charged offense. At his election, punishment was assessed by the trial court. Following preparation of a presentence investigation report, the trial court conducted an evidentiary punishment hearing. It then imposed the noted sentence. This appeal followed.

**Analysis**

**Evidentiary Rulings**

By his first issue, Appellant complains that the trial court abused its discretion through three evidentiary rulings. We review a trial court's ruling on the admission or exclusion of evidence for abused discretion. *Lumsden v. State*, 564 S.W.3d 858, 880 (Tex. App.—Fort Worth 2018, pet. ref'd). An abuse of discretion occurs only when the trial court's ruling falls outside the zone of reasonable disagreement. *Id.*

## 1. Objection to lack of personal knowledge

Appellant first complains of the trial court's overruling Appellant's lack-of-personal-knowledge objection to a portion of the testimony of the State's accident reconstructionist, Tim Lovett.[3]  The following exchange occurred:

> [Prosecutor] And we know [Romero's] going the wrong way.  We have heard testimony from Mr. Saxon that his exit was Team Ranch Road, which is a little bit after Camp Bowie, so we know for sure the Defendant is at least going the wrong direction for that lengthof time; is that correct?
>
> [Lovett] That's correct.
>
> [Defense] I'll object, Your Honor.  Just ask that the witness testify as to what he knows personally.  We certainly have his report.
>
> [Court] All right.  That's overruled.  I'll hear it.

On our own motion we consider whether this claim of error was preserved.  *See Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997) (stating "[p]reservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.").  To preserve a complaint for appellate review, a party must make a *timely* request, objection, or motion stating the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  TEX. R. APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g).  Ordinarily, an objection is timely if it precedes the objectionable testimony.  *Polk v. State*, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  "[I]f a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds."  *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995).  An objection made after the witness answers may nevertheless sufficiently preserve error if an

---

[3] In preliminary questioning, the State identified Lovett as an expert in accident reconstruction.  His qualifications and the relevance and reliability of his opinions were not challenged.

acceptable reason exists for not objecting earlier. *See Dinkins,* 894 S.W.2d at 355. Appellant's objection was untimely; he offered no reason for the delay. Therefore, the complaint was not preserved for appellate review. *See Cortez v. State,* No. 02-05-00147-CR, 2006 Tex. App. LEXIS 4998, at *19-21 (Tex. App.—Fort Worth Jun. 8, 2006, pet. ref'd) (mem. op., not designated for publication).

Nevertheless, even if the objection was timely, the trial court properly exercised discretion in overruling the personal knowledge objection. A prior witness, Brandon Saxon, had already testified he saw Appellant's vehicle driving in the wrong lane near the exit for Camp Bowie Road. Officer Juan Hernandez testified the accident occurred in the southbound lanes at I-820 at the I-30 exit. Lovett was present for the testimony when the path of Appellant's vehicle was established. As an expert witness, Lovett could base his opinion on facts in the case that he was made aware of. TEX. R. EVID. 703. On the record here presented, the trial court's decision to allow Lovett to answer the question was within the court's sound discretion.

### 2. Objection to speculation

Appellant next asserts reversible error occurred when the trial court failed to sustain his objection that one question posed to Lovett called for a speculative answer. An objection that a question calls for speculation means the question seeks an opinion outside the witness's personal knowledge, implicating Texas Rules of Evidence 602 and 701. *Shelton v. State,* No. 02-07-00392-CR, 2009 Tex. App. LEXIS 1802, at *3-4 (Tex. App.—Fort Worth Mar. 12, 2009, no pet.) (mem op., not designated for publication). The rule that a witness may only testify to matters of which he has personal knowledge "does not apply to a witness's expert testimony under Rule 703." TEX. R. EVID. 602.

4

Appellant made no challenge to Lovett's qualifications or the reliability of his opinions. While displaying a map that had been notated where Saxon saw Appellant and where the collision occurred, the prosecutor asked Lovett if the map gave the trial court an idea of the distance Appellant traveled in the wrong direction. Lovett replied, "It can definitely be seen that he would be along that portion of freeway, yes." Evidence of the distance where Appellant traveled on the wrong side of I-820 was admitted elsewhere without objection; it was therefore not error for Lovett to opine about Appellant's path and distance from examining the map. *See Chamberlain v. State*, 998 S.W.2d 230, 235 (Tex. Crim. App. 1999) ("It is well established that questions regarding the admission of evidence are rendered moot if the same evidence is elsewhere introduced without objection; any error in admitting evidence over a proper objection is harmless if the same evidence is subsequently admitted without objection.").

### 3. Objection to lack of relevance

Third, Appellant argues the trial court erroneously permitted Appellant's therapist, Odette Tomlinson, to answer a question posed by the prosecutor on cross-examination concerning Appellant's accountability and acceptance of responsibility. Appellant contends the question and answer were irrelevant because he pleaded guilty to the charge. On direct examination, Tomlinson had testified Appellant accepted accountability and responsibility for the decedent's death, and she helped Appellant "to be more at peace with accepting accountability." During the State's cross-examination, Tomlinson was asked if Appellant had a choice in accepting responsibility given the overwhelming evidence of his guilt. After the trial court told Tomlinson she could answer, she said:

> When I speak of account – accepting accountability, I'm not speaking of, like, legal accountability. I'm talking about his emotional state and what

5

he has to live with and what he has to acknowledge within himself. And so accepting accountability that he did something that he deeply regrets and knows that it hurt many people and that it's something he deeply wishes he had made a different choice then.

Assuming the trial court's instruction that the witness could answer the question constituted a ruling that the objection was overruled, we hold that the question was relevant to the issues before the court. TEX. R. EVID. 401. Punishment phase evidence is relevant if it helps the factfinder decide the appropriate sentence for a particular defendant under the facts of a particular case. *Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009). Even when a defendant has pleaded guilty to the offense, "[a]cceptance of responsibility and truthfulness after the fact is a proper factor for a court to weigh in setting an appropriate sentence." *Boyd v. State,* No. 14-99-01355-CR, No. 14-99-01356-CR, No. 14-99-01357-CR, 2001 Tex. App. LEXIS 3798, at *17 (Tex. App.—Houston [14th Dist.] Jun. 7, 2001, pet. ref'd) (not designated for publication); *cf. Hernandez v. State*, No. 11-09-00065-CR, 2010 Tex. App. LEXIS 8538, at *1-5 (Tex. App.—Eastland Oct. 21, 2010, pet. ref'd) (mem. op., not designated for publication) (finding defendant's recorded interview with police relevant at punishment phase as it was not unfairly prejudicial for State to answer defendant's guilty plea and expressed desire to accept responsibility for offense by showing in interview defendant denied responsibility and blamed others).

Appellant made his accountability and acceptance of responsibility for his actions central to his punishment hearing defense. Thus, asking Tomlinson about the sincerity of Appellant's acceptance-of-responsibility is relevant to his mitigation claim. The trial court did not abuse its discretion in overruling Appellant's objection and considering Tomlinson's testimony.

Finding no abuse of discretion in the challenged evidentiary rulings which were preserved, we overrule Appellant's first issue.

**Closing Argument**

By his second issue, Appellant argues the trial court reversibly erred during closing argument by overruling his objection that the prosecutor mischaracterized Appellant's argument. Relevant to the complaint, the reporter's record provides:

> [State] Judge, as you look at this, that's what he took. Defense counsel says, you know, a life's a life. I certainly agree, but they had 21 years of caring for this child. 21 years of hopes and dreams. You know, carrying him around when he was sick. How many nights did they stay up with him? To sit there and say that, while it certainly is tragic to have a miscarriage, that is equivalent to the murder and loss of life that he caused to this family –
>
> [Defense] I'm going to object. That's a mischaracterization of my argument, Judge. Just for the record.
>
> [Court] Very well.

The prosecutor then resumed the argument, urging, without objection, that the miscarriage of justice suffered by the decedent's family was not comparable to the miscarriage of a child suffered by Appellant and his ex-wife.

The State responds Appellant did not preserve any error because he failed to obtain an adverse ruling on his objection. We agree the trial court's response of "very well" was not a ruling on the objection. An objection to improper jury argument must be preserved by timely objection and pursued to an adverse ruling; otherwise, error is forfeited. *Castro v. State,* No. 05-18-01123-CR, 2019 Tex. App. LEXIS 6200, at *15 (Tex. App.—Dallas Jul. 19, 2019, no pet.) (mem. op., not designated for publication); *Parker v. State,* No. 02-11-00032-CR, 2011 Tex. App. LEXIS 9419, at *3-9 (Tex. App.—Fort Worth

7

Dec. 1, 2011, no pet.) (mem. op., not designated for publication) (concluding that failing to object to the prosecutor's closing arguments at the time they were made constituted waiver of any potential error for appellate review); TEX. R. APP. P. 33.1(a)(1). Without an adverse ruling by the trial court, Appellant forfeited the complaint and preserved nothing for review.

Moreover, even had Appellant's claim of error been preserved, it would lack merit. Appellant explains on appeal that his defense at the punishment hearing was evidence of his ex-wife's miscarriage presented as the "catalyst for his alcohol abuse." Appellant posed questions to witnesses concerning his ex-wife's miscarriage, and in closing argument urged Appellant had taken responsibility for the decedent's death because "he knew the value of what a child was when he lost that child, that miscarriage child." The challenged portion of the State's argument simply responded to Appellant's multiple references to his ex-wife's miscarriage during the punishment hearing. Because Appellant made the topic part of his defense and argument, the trial court did not abuse its discretion in allowing the State to respond in argument. *See Coleman v. State*, 577 S.W.3d 623, 638-39 (Tex. App.—Fort Worth 2019, no pet.) (explaining permissible jury argument comes within four general categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to argument of opposing counsel; and (4) plea for law enforcement). Appellant's issue is overruled.

**Cumulative Error**

Finally, Appellant argues "the cumulative effect of the trial court['s] errors deprived Appellant of the fundamental due process right to a fair trial on punishment." "The doctrine of cumulative error provides that the cumulative effect of several errors can, in

the aggregate, constitute reversible error, even though no single instance of error would." *Holloway v. State,* No. 05-14-01244-CR, 2016 Tex. App. LEXIS 5546, at *11 (Tex. App.— Dallas May 25, 2016, no pet.) (mem. op., not designated for publication) (citations omitted). However, such a doctrine is only applicable when the trial court commits errors that were properly preserved. *Logan v. State,* No. 07-09-00150-CR, 2010 Tex. App. LEXIS 3847, at *18 (Tex. App.—Amarillo May 20, 2010, pet. ref'd) (mem. op., not designated for publication). Appellant's cumulative-error argument hinges on our having sustained his first and second issues. Because we found no error in our review of Appellant's preserved issues there is no basis for considering the cumulative effect of error. *See Chamberlain v. State,* 998 S.W.2d 230, 238 (Tex. Crim. App. 1999) ("we are aware of no authority holding that non-errors may in their cumulative effect cause error.").

## Conclusion

Having overruled each of Appellant's issues preserved for review, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.