

## NUMBERS 13-15-00036-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

HESIQUIO CANTU,                                              **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

### On appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Pursuant to a plea agreement, appellant Hesiquio Cantu pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West, Westlaw through 2015 R.S.). The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a period of seven years. The State subsequently filed a motion to revoke appellant's

community supervision, alleging multiple violations of the terms and conditions of his community supervision, including a new allegation of assault. Following an evidentiary hearing, the trial court found the allegations to be true, found appellant guilty of aggravated assault with a deadly weapon, revoked his community supervision, and sentenced him to ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division. By a single issue, appellant contends the sentence imposed violated his Eighth and Fourteenth Amendment rights. We affirm.

## I. BACKGROUND

In 2009, the State filed a motion to revoke appellant's community supervision, alleging that he committed an assault, which was dismissed. In 2011, the State filed a second motion to revoke appellant's community supervision, alleging that he drove with an invalid license with a previous conviction and failed to complete the required community service hours. The trial court continued appellant's community supervision, but with additional conditions. In December 2013, the State filed a third motion to revoke appellant's community supervision, alleging that he committed an aggravated assault, consumed alcohol, failed to report as ordered, failed to remain in Nueces County as ordered, and failed to pay fines and costs.

Following a hearing on the third motion, the trial court found all of the alleged violations to be "true." During the punishment stage, complainant Helen Pacheco testified that appellant punched her twice in the face one evening, told her he was going to kill her, held her down, and choked her. He also bit her under the eye, which necessitated sutures. The trial court found appellant guilty of aggravated assault with a

2

deadly weapon and sentenced appellant to ten years' imprisonment.  *See* § 22.02(a)(2).

This appeal followed.

## II. SENTENCING

Appellant claims that the sentence is disproportionate to the seriousness of the offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution.[1]  *See* U.S. CONST. amends. VIII, XIV.  Specifically, appellant argues that his sentence "makes no measurable contribution to acceptable goals of punishment." He asserts that although he did not object to the imposed sentence, a waiver of Eighth Amendment protection is "legally and morally impossible."  In response, the State contends that appellant's argument is unpreserved.

### A. Standard of Review

In reviewing a claim of cruel and unusual punishment for a prison sentence that allegedly violates the Eighth Amendment, the reviewing court must determine whether the term of years is "grossly disproportionate" for the particular crime.  *State v. Simpson*, No. PD-0599-15, __S.W.3d__, __, 2016 WL 1697662, at *4 (Tex. Crim. App., Apr. 27, 2016) (quoting *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality op.)).  Additionally, "a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses."  *Id.* (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)).

### B. Preservation

---

[1] The Eighth Amendment applies to punishments imposed by state courts through the due process clause of the Fourteenth Amendment.  *See Baze v. Rees*, 553 U.S. 35, 47 (2008); *Robinson v. California*, 370 U.S. 660, 666 (1962).

3

Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion. *See Archie v. State,* 221 S.W.3d 695, 698 (Tex. Crim. App. 2007) (citing *Jones v. State,* 942 S.W.2d 1, 2 n. 1 (Tex. Crim. App. 1997)). To preserve error, appellant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *see Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007). When ruling on constitutional issues and preservation, almost every right, constitutional or statutory, may be waived by the failure to object. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (en banc); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

## C. Analysis

The State argues that, since appellant did not object to his sentence at the hearing and did not file a motion for new trial asserting any constitutional or statutory complaints concerning his sentence, appellant did not preserve this issue for review. We agree.

Eighth Amendment claims can be waived by the failure to object. *See Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993), *overruled on other grounds by*, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997); *but see Ex parte Maxwell*, 424 S.W.3d 66, 75 (Tex. Crim. App. 2014) (citing *Miller v. Alabama*, 132 S.Ct. 2455, 2469 (2012) (holding that a mandatory "life without parole" sentence for a juvenile defendant violated the Eighth Amendment). This Court has consistently upheld this principle. *See Trevino v. State*, 174 S.W.3d 925, 927–29 (Tex. App.—Corpus Christi 2005, pet. ref'd) (holding that failure to object to the sentence as cruel and unusual forfeits error); *Quintana*

4

*v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (same).[2]   We conclude that by failing to object, appellant has failed to preserve his issue for review on appeal.   *See* TEX. R. APP. P. 33.1.   We further note that the rights appellant asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.   *See Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en banc).

However, even if appellant had preserved this issue, he failed to show how this sentence, which was within the legislatively-prescribed punishment range, was grossly disproportionate to the crime for which he was convicted.   *See* TEX. PENAL CODE ANN. § 12.33(a),(b) (West, Westlaw through 2015 R.S.).   The Texas Court of Criminal Appeals has observed that the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime."   *Simpson*, 2016 WL 1697662, at *4 (quoting *Ewing*, 538 U.S. at 23.   Moreover, "a sentence is grossly disproportionate to the crime only in the exceedingly rare or extreme case."   *Id.* at *4 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).   The Texas Court of Criminal Appeals added that:

> Only twice has the [United States] Supreme Court held that a non-capital sentence imposed on an adult was constitutionally disproportionate. *United States v. Farley*, 607 F.3d 1294 (11th Cir. 2010) (singling out *Weems v. United States*, 217 U.S. 349 (1910) (fifteen years punishment in a prison camp grossly disproportionate to crime of falsifying a public record) and *Solem v. Helm*, 463 U.S. 277 (1983) (life imprisonment without parole for grossly disproportionate sentence for crime of uttering a no-account check for $100)).

---

[2] *See also Coronado v. State*, No. 13-15-00073-CR, 2016 WL 462700, at *3 (Tex. App.—Corpus Christi Feb. 4, 2016, no pet.) (mem. op., not designated for publication) (same); *Mireles v. State*, No. 13-14-00636-CR, 2015 WL 9487140, at *3 (Tex. App.—Corpus Christi Dec. 29, 2015, pet. ref'd) (same); *Houston v. State*, Nos. 13-14-00677-CR, 13-14-00678-CR, 13-14-00679-CR, 2015 WL 5136179, at *4 (Tex. App.—Corpus Christi Aug. 31, 2015, no pet.) (mem. op., not designated for publication) (same); *Gonzalez v. State*, No. 13-14-00308-CR, 2015 WL 4140667, at *2 (Tex. App.—Corpus Christi July 9, 2015, pet. ref'd) (mem. op., not designated for publication) (same).

*Id.* at *4.

In the present case, appellant was convicted of aggravated assault, which is a second-degree felony, punishable by imprisonment between two and twenty years. *See* TEX. PENAL CODE ANN. § 12.33(a) (West, Westlaw through 2015 R.S.). The Texas Court of Criminal Appeals endorses the act of sentencing within statutory limits as "essentially unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (quoting *Miller-El v. State*, 782 S.W.2d 892, 895, 897 (Tex. Crim. App. 1990) (en banc)). Since appellant was sentenced to ten years' imprisonment, his sentence was within the legislatively prescribed range. *See* TEX. PENAL CODE ANN. § 12.33(a). Accordingly, we overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of June, 2016.