In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00066-CR
_____

**ETHAN THOMAS BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. 21DC-CR-00521**

**MEMORANDUM OPINION**

Appellant Ethan Thomas Brown appeals his conviction for sexual assault. *See* Tex. Penal Code Ann. § 22.011(a)(1). In four issues, Brown complains about the denial of his Motion to Substitute Counsel, admission of extraneous offense evidence, and ineffective assistance of counsel. We affirm the trial court's judgment.

PERTINENT BACKGROUND

A grand jury indicted Brown for sexual assault. On February 3, 2022, the trial court conducted a hearing on Brown's proposed attorney's Motion for Substitution

1

of Counsel, which Brown's trial attorney did not oppose. Brown's trial attorney stated that he and Brown were not on the "best of terms." Brown's proposed attorney stated that he had a directive from Brown's family, and Brown consented to his family hiring him. The trial judge indicated that it was a critical stage of the process, the case was set for "jury selection and trial on the 22nd day of this month[,]" and the Sixth Amendment's guarantee to choose counsel is "not necessarily absolute." The trial judge stated that it did not have a problem with the proposed attorney's substitution but had a problem with the case not being reached on the set trial date and asked if the proposed attorney had a conflict. The proposed attorney indicated he had a conflict and could be ready for trial the following month. The proposed attorney explained that he did not know the trial date when Brown's family hired him, was not trying to delay the case, and could step down and return the money if the trial court denied the motion.

The trial judge stated that the courts were backlogged, and the court had preferential settings until at least July with people who had been in custody for two years. The trial judge explained that in November 2021, they tried Brown's two consolidated cases. He was convicted on the violation of bond conditions, but the sexual assault case resulted in a mistrial based on the jury's inability to arrive at a verdict, and that is currently set for trial. The trial judge also explained that he re-tries matters with hung juries as quickly as possible, had preferentially set the current

2

case for February 22, and had already summoned 450 jurors. The trial judge further explained that the State had subpoenaed its witnesses, some of which are out of state, and Brown's right to choose his counsel "cannot interfere with the fair and orderly conduct or administration of justice." The trial judge stated that the case had a long history, including several substitutions of counsel and the presentation of multiple dilatory matters done to delay the proceedings, and that a substitution of counsel would interfere with the administration of justice if it caused another delay because it would deny other defendants set for trial their day in court. When the trial judge told Brown's proposed counsel that he would grant his Motion for Substitution of Counsel if he could be ready for trial on February 22, counsel stated he could not, so the trial judge denied the substitution. However, the trial judge did say Brown's proposed counsel was welcome and could participate in the trial of this case along with Brown's trial attorney, but the court would not grant a continuance.

During a pretrial hearing, the trial judge indicated a 28.01 hearing had been scheduled, and it granted Brown leave of court to file any additional motions. The trial court stated that it would handle the Motion to Suppress the Extraneous Offenses as a Motion in Limine and address it in a hearing or bench conference when the State attempted to offer the testimony. During trial, the trial court conducted a bench conference outside the jury's presence immediately before Brown rested his case, and the trial judge stated he was advised that there "may be some rebuttal, 404-

3

B witnesses." When the State indicated it was about to call its 404-B witnesses, the trial court instructed the jury regarding extraneous offense evidence.

The State then called its 404-B witnesses without objection from Brown. After hearing evidence from five 404-B witnesses concerning two extraneous offenses, the trial judge asked the parties to approach the bench and stated that "[t]his is 404-B stuff. We're not trying two cases in one. Make your point and then go on to the next." The trial judge later stated that he did not "want to spend more time on 404-B than I do on the case in Chief. Then we're making a record that will support an error that he was tried as being a criminal in general." When the State explained that it was only concerned with proving the 404-B evidence beyond a reasonable doubt, the trial judge stated that it was not "going to interject all the problems that you had last time." At that point, the defense moved for a mistrial outside the jury's presence, arguing that the "jury has been tainted to some degree by hearing a little bit too much about the other offense or alleged offense." The trial judge overruled the defense's request for a mistrial, and the defense requested an instruction to disregard the testimony of one of the 404-B witnesses, which the trial judge denied because he had already instructed the jury on the purpose of the 404-B evidence and did not want to belabor the issue. The trial judge further explained that it did not "want a record to go to the Ninth Court that's longer on 404-B witnesses than it is on the [S]tate's case in chief on the offense for which he's charged with."

4

The State rested without presenting its four remaining 404-B witnesses regarding the extraneous offense allegation of sexual assault against Brown's ex-wife because it did not "want to try another case in this case." Additionally, the trial court did not allow the State to offer transcripts of the previous trial. During closing, the State argued that the other sexual assaults were to show that the victim was not "making this up." The jury found Brown guilty of sexual assault as charged in the indictment and assessed Brown's punishment at twenty years in prison and a $10,000 fine.

## ANALYSIS

In issue one, Brown argues the trial court violated due process by denying his oral Motion to Substitute Retained Counsel of his choice. The right to assistance of counsel includes the right to obtain that assistance from retained counsel of one's choosing. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); *Gonzalez v. State*, 117 S.W.3d 831, 836–37 (Tex. Crim. App. 2003); *see also Gamez v. State*, Nos. 03-09-00047-CR, 03-09-00048-CR, 03-09-00049-CR, 03-09-00050-CR, 2010 WL 3271236, at *2 (Tex. App.—Austin Aug. 19, 2010, pet. ref'd) (mem. op., not designated for publication). The right of counsel is not absolute, and a trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness and demands of its calendar. *See Gonzalez-Lopez*, 548 U.S. at 151–52; *Gonzalez*, 117 S.W.3d at 837. "Trial judges necessarily require a great deal of latitude in

5

scheduling trials[,]" which includes assembling the witnesses, lawyers, and jurors. *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983). "Consequently, broad discretion must be granted to trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.* (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

A defendant's right to select his counsel cannot be manipulated to obstruct the orderly court procedure or interfere with the fair administration of justice. *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). When competent counsel is available and fully prepared to represent the defendant, a trial court does not abuse its discretion by denying an untimely request for continuance based on the unavailability of the defendant's counsel of choice. *See Slappy*, 461 U.S. at 12–13.

The record shows that Brown's current attorney, who had succeeded in getting a hung jury in the first trial, was prepared to represent him at the scheduled trial and his proposed attorney was unavailable to represent him on that date; the case had a long history and been delayed several times; and rescheduling the trial would negatively affect the court's procedure and interfere with the fair administration of justice. *See Gamez*, 2010 WL 3271236, at *2–3; *see also Slappy*, 461 U.S. at 12–13. Under these circumstances, the trial court did not abuse its discretion or violate Brown's constitutional right to counsel by refusing his Motion to Substitute Retained

6

Counsel of his choice, which would have required the trial court to continue the scheduled trial at the expense of fairness and the demands of its calendar. *See Gonzalez-Lopez*, 548 U.S. at 151–52; *Gonzalez*, 117 S.W.3d at 837; *Gamez*, 2010 WL 3271236, at *2–3. We overrule issue one.

In issues two and three, Brown argues the trial court abused its discretion by admitting an extraneous offense that was not substantially similar to the charged offense under Texas Rule of Evidence 404(b) when no demonstrated exception to the general rule of exclusion was established. Brown complains the trial court abused its discretion by failing to perform the balancing test under Texas Rule of Evidence 403, but he admits he failed to object to the admission of the extraneous offense evidence at trial. The State argues that Brown failed to preserve any error regarding the trial court's admission of extraneous offense evidence.

We review a trial court's admission of extraneous offenses or acts under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002). A defendant complaining of error in the admission of evidence should first object, then request an instruction to disregard, and move for a mistrial if he believes the instruction to disregard was insufficient to cure the error. *See Young v. State*, 137

7

S.W.3d 65, 71 (Tex. Crim. App. 2004); *Crowson v. State*, No. 09-22-00311-CR, 2023 WL 3991074, at *1 (Tex. App.—Beaumont 2023, no pet.) (mem. op., not designated for publication). "When a party attempts to adduce evidence of 'other crimes, wrongs, or acts,' in order to preserve error on appeal, the opponent of that evidence must object in a timely fashion[,]" and ideally, "that such evidence is inadmissible under Rule 404(b)." *Montgomery*, 810 S.W.2d at 387; *see also* Tex. R. Evid. 404(b).

We note that although Brown argued against the admission of the extraneous offense evidence pretrial, and the trial court stated it would handle his Motion to Suppress the Extraneous Offenses as a Motion in Limine during trial when the State attempted to offer the testimony, a trial court's granting or denying of a motion in limine, without more, preserves nothing for appellate review. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); *Rawlings v. State*, 874 S.W.2d 740, 742 (Tex. App.—Fort Worth 1994, no writ). The record shows that Brown failed to object to the State's direct examination of its five 404(b) witnesses and to any exhibits offered through their testimony. Brown's failure to object to the admission of the extraneous offense evidence waives any error in the admission of evidence tending to show an extraneous offense. *See Smith v. State*, 595 S.W.2d 120, 123 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 948 S.W.2d 386, 387 (Tex. App.—Beaumont 1997, pet. ref'd); *Coleman v. State*, No. 02-18-00471-CR, 2020

8

WL 241975, at *4 (Tex. App.—Fort Worth Jan. 16, 2020, no pet.) (mem. op., not designated for publication); *Lanclos v. State*, No. 09-97-00543-CR, 1999 WL 129930, at *1 (Tex. App.—Beaumont Mar. 10, 1999, no pet.) (mem. op., not designated for publication); *see also* Tex. R. App. P. 33.1(a)(1)(A). Furthermore, because the record shows Brown failed to object at trial to the extraneous offense evidence based on Rule 403, he also failed to preserve any error regarding Rule 403. *See Smith v. State*, No. 09-17-00302-CR, 2019 WL 1270817, at *6 (Tex. App.—Beaumont Mar. 20, 2019, no pet.) (mem. op., not designated for publication); *see also* Tex. R. Evid. 403; Tex. R. App. P. 33.1(a)(1)(A). We overrule issues two and three.

In issue four, Brown complains that his trial counsel was ineffective by failing to (1) object to the extraneous offense evidence, (2) call any witnesses during punishment, and (3) investigate or continue the trial to determine a viable defense.

"Evaluating claims of ineffective assistance of counsel under the Sixth Amendment involves a two-pronged test: (1) whether counsel was deficient, and (2) whether the defendant suffered prejudice as a result of counsel's error." *Hart v. State*, 667 S.W.3d 774, 781 (Tex. Crim. App. 2023) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish counsel's deficient performance, an appellant must show by a preponderance of evidence that counsel's actions fell below an objective standard of reasonableness. *Id.*; *see also Strickland*, 466 U.S. at 687–88.

"Under *Strickland,* the defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Our review of counsel's performance is highly deferential, and we presume they provided reasonable assistance. *See id.* at 833. We afford counsel a strong presumption that their conduct falls within a wide range of reasonable professional assistance, and a defendant must overcome this presumption that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Hart*, 667 S.W.3d at 781; *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim. App. 2021) (citation omitted). To overcome this presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the ineffectiveness." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); *see also Johnson*, 624 S.W.3d at 586; *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

"Under most circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the strong presumption that counsel's conduct was reasonable and professional." *Scheanette v. State*, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004) (citation omitted); *see also Hart*, 667 S.W.3d at 782. Ordinarily, trial counsel should be given an opportunity to explain their conduct before being considered ineffective. *Hart*, 667 S.W.3d at 782. Without such an

opportunity, and in the face of an undeveloped record on direct appeal, we "'commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Okonkwo v. State*, 398 S.W.3d 689, 693 (Tex. Crim. App. 2013)). We will consider counsel's actions deficient only if we find no reasonable trial strategy could justify counsel's acts or omissions, regardless of their subjective reasoning. *See id.* (quoting *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011)).

The record does not indicate that Brown filed a motion for new trial alleging ineffective assistance, and the record is undeveloped regarding counsel's trial strategy and decisions. *See Graves v. State*, 310 S.W.3d 924, 929 (Tex. App.—Beaumont 2010, pet. ref'd). With no opportunity for trial counsel to explain his actions, we assume he had a strategic reason for his decisions. *See Hart*, 667 S.W.3d at 782. In addition, trial counsel's ineffectiveness is not apparent from the record. *See Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003). Brown cannot defeat the strong presumption that counsel's decisions during the trial fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Hart*, 667 S.W.3d at 782. Since nothing in the record supports the conclusion that trial counsel's actions were so outrageous that no competent attorney would have engaged in them, we hold that Brown failed to establish trial counsel's

11

performance was deficient. *See Strickland*, 466 U.S. at 687; *Hart*, 667 S.W.3d 782, 784. We overrule issue four. Having overruled each of Brown's issues, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on July 12, 2023
Opinion Delivered October 4, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.